(7 Misc. Rep. 687.)

### HERDER v. BLOOMER.

(Common Pleas of New York City and County, General Term. April 2, 1894.)

NEGLIGENCE—FAILURE TO LOCK DOOR—LARCENY OF GOODS.

    Defendant leased a room to plaintiff for storage of goods, reserving a part of the room for his own use. One provision of the agreement between the parties was that defendant should see that the doors were properly locked after use by him. *Held* that, where plaintiff's goods were stolen in consequence of defendant's failure to lock the door, defendant was liable for the value of the goods, without proof of collusion between him and the thief.

Appeal from second district court.

Action by Peter Herder against Theophilus J. Bloomer to recover from the defendant $95 for type stolen from the plaintiff, from a loft which plaintiff had rented from the defendant for the purpose of storing type and other material, with the condition that the defendant was to retain part of the same for his own use. The complaint alleges that the defendant was negligent in his use of the loft, in that he did not see that the doors were properly locked after he had used same. There was a judgment dismissing the complaint. Plaintiff appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

S. S. Bennett, for appellant.

J. Callahan, for respondent.

BISCHOFF, J.   The basis of the plaintiff's cause of action is the negligence of the defendant in the performance of a duty assumed by the latter under an agreement between the parties.   This agreement, as alleged, was that the defendant should exercise due care in securing the door of the plaintiff's loft, when making use of the same for the purposes of ingress to and egress from a certain part of the premises reserved to the uses of such defendant.   Apparently, the agreement in question formed part of the mutual agreements between the parties, in their relation, respectively, of tenant and landlord; and it would seem, also, that an injury to the plaintiff by the theft of his goods was a contingency naturally within the contemplation of the parties when making the agreement.   Therefore, the defendant may be answerable in damages for this result of his negligence, when established.   See Add. Torts, c. 1, § 1.   The justice, in holding that the plaintiff must prove collusion between the defendant and the thief, and in rejecting the offer of proof of the defendant's negligence, obviously misconceived the nature of the action; and the resulting dismissal of the complaint was error which requires a reversal of the judgment.   Judgment reversed, and a new trial ordered, with costs to appellant, to abide the event.